UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MELVIN FRANK SHERMAN, III,
    *Plaintiff*,

v.

JOHN DOE; et al.,
    *Defendants*.

No. 3:22-cv-01159 (VAB)

**RULING AND ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Melvin Sherman ("Plaintiff"), currently incarcerated at Corrigan-Radgowski Correctional Center ("Corrigan"), has filed a *pro se* Complaint against Dr. Rommel Geronimo; nurses Arial Swan-Daly and Susette Kelo; correctional officers Cassidy, Cienik, and Marios-Etman; counselor supervisor Dumas; Connecticut Department of Correction ("D.O.C.") Commissioner Angel Quiros; Warden Corcella; and John or Jane Doe, the director of Hartford Healthcare (collectively, "Defendants").

Mr. Sherman asserts claims under 42 U.S.C. § 1983 for deliberate indifference to his medical needs and cruel and unusual punishment. Compl., ECF No. 1. Mr. Sherman's claims arise primarily out of an incident in which he was admitted to Backus Hospital for treatment as a result of a hunger strike. *Id.*

Mr. Sherman has filed a motion for a temporary restraining order and a preliminary injunction, asking the Court to order Defendants to (1) not force Mr. Sherman to share a cell with another inmate; (2) not force Mr. Sherman to walk to the chow hall; (3) provide medical treatment for Mr. Sherman's nerve condition, cyst, spine, and mental illness; (4) provide medical treatment after Mr. Sherman was assaulted on September 17, 2022; (5) give Mr. Sherman all held mail; and (6) immediately transfer Mr. Sherman to BPT Infirmary or another facility. Mot.

for TRO and Prelim. Inj., ECF No. 14 ("TRO Mot."); Mem. of Law in Supp. of TRO Mot., ECF No. 15 ("Mem.").

For the following reasons, Mr. Sherman's motion is **DENIED**.

I.  **STANDARD OF REVIEW**

Courts in this Circuit apply the same standard to motions for temporary restraining orders and preliminary injunctions. *Loc. 1814, Int'l Longshoremen's Ass'n v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992). Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007). To prevail, the plaintiff must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (internal quotation marks omitted).

"[T]he court's task when granting a preliminary injunction is generally to restore, and preserve, the status quo ante, *i.e.*, the situation that existed between the parties immediately prior to the events that precipitated the dispute." *Asa v. Pictometry Int'l Corp.*, 757 F. Supp. 2d 238, 243 (W.D.N.Y. 2010); *see also Transamerica Rental Fin. Corp. v. Rental Experts*, 790 F. Supp. 378, 381 (D. Conn. 1992) ("It is well established in this Circuit that the purpose of a preliminary injunction is to preserve the *status quo* between two parties."). "Because mandatory injunctions disrupt the status quo, a party seeking one must meet a heightened legal standard by showing 'a clear or substantial likelihood of success on the merits.'" *N. Am. Soccer League, LLC v. U. S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (quoting *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012)). "A mandatory preliminary injunction 'should

issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'" *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (quoting *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010)).

A district court has "wide discretion in determining whether to grant a preliminary injunction." *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846–47 (1994)). The Supreme Court repeatedly has stated that "plaintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (emphasis in original). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

**II.    DISCUSSION**

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390 (1981). Conversely, the Court may not grant a preliminary injunction "to provide relief unrelated to the merits of a case." *Taveras v. Semple*, No. 3:15-cv-531 (VAB), 2020 WL 3489529, at *6 (D. Conn. June 27, 2020).

Here, Mr. Sherman's motion for interim injunctive relief focuses on Defendants' failure to treat and otherwise manage his nerve and spine conditions. For example, Mr. Sherman

3

requests that he not be forced to walk to the chow hall because these conditions make walking difficult and painful. *See* Mem. at 1. Mr. Sherman also argues that he cannot share a cell with another inmate because an assault by his cellmate could result in permanent damage to his spinal cord. *See* TRO Mot. at 7; Mem. at 3.[1]

Although the claims in Mr. Sherman's underlying Complaint arise primarily from an incident in which he was treated at Backus Hospital after suffering kidney failure, he does briefly refer to his spinal conditions. *See* Compl. at 13, 18, 20. Thus, the requests for injunctive relief relating to these medical conditions are sufficiently related to his underlying claims.

Some of Mr. Sherman's requests, however, do not meet this threshold. The assault on September 17, 2022, for which Mr. Sherman seeks treatment occurred after he filed his Complaint in this case, and it appears to have no connection to the events described in the Complaint. *See* TRO Mot. at 2. Similarly, Mr. Sherman's requests for the delivery of his held mail and a transfer to another facility would not serve the purpose of "preserv[ing] the relative positions of the parties until a trial on the merits can be held." *Camenisch*, 451 U.S. at 390.[2]

To obtain relief on his remaining requests, Mr. Sherman must show that he is likely to succeed on the merits and is likely to suffer irreparable harm if he does not obtain an injunction. The Court views prisoner requests for preliminary injunctive relief with caution. *Fisher*, 981 F. Supp. at 167. "Allegations of irreparable harm or claims of a likelihood of success on the merits

---

[1] Page numbers refer to the ECF-generated page numbers.

[2] Even if Mr. Sherman's request for a transfer were sufficiently related to the injuries alleged in his Complaint, he has not established a clear or substantial likelihood of success on the merits. Mr. Sherman's repeated transfer requests were denied because he has "separation profiles" with individuals at other facilities. *See* Mem. at 55, 60; *see also Wegrzyn v. Murphy*, No. 3:14-cv-406 (JBA), 2017 WL 3726480, at *2 (D. Conn. Aug. 29, 2017) ("An Inmate Separation Profile is a record specifying the need and reason for keeping two or more individuals apart from each other. Once an Inmate Separation Profile is approved, it results in complete physical separation while the inmates are incarcerated. This is typically accomplished by housing the inmates in different Department of Correction Facilities." (citations omitted)). Mr. Sherman has failed to show that this basis for the denials was illegitimate or was outweighed by the risks to his health and safety.

must be substantiated with evidence in admissible form." *Torrez v. Semple*, No. 3:17-cv-1223 (SRU), 2017 WL 6624009, at *1 (D. Conn. Dec. 28, 2017); *see also Girard v. Hickey*, No. 9:15-cv-0187, 2016 WL 915253, at *7 (N.D.N.Y. Mar. 4, 2016) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

To prevail on an Eighth Amendment claim for deprivation of medical care, a plaintiff must prove two elements: (1) a deprivation that is "sufficiently serious" because it presents a "a condition of urgency . . . that may produce death, degeneration, or extreme pain," and (2) deliberate indifference, which is established when "the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Charles v. Orange County*, 925 F.3d 73, 86, 87 (2d Cir. 2019). Thus, to show that he is likely to succeed on the merits, Mr. Sherman must establish that he is likely to satisfy these two elements.

Mr. Sherman argues that he is likely to suffer irreparable harm because "one punch to the right spot and he is paralyze[d] for life." Mem. at 3. He also contends that he is likely to succeed on the merits of his deliberate indifference claim because he has been "denied care [and] delayed surgery [with] no reasonable explanation." Mem. at 1. Mr. Sherman is correct that "intentionally denying or delaying access to medical care or intentionally interfering with" prescribed treatment can suffice to show deliberate indifference to medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

But beyond these allegations, Mr. Sherman has not offered sufficient evidence from which the Court could conclude that he is entitled to interim relief. The medical records attached to the Complaint, many of which are duplicates, do not show that Mr. Sherman is at imminent risk of paralysis or recommend surgical interventions. *See* Compl. at 24–26, 32, 34, 100, 102–122, 131, 148–160, 206–13, 221, 252–53, 268–77, 281–85, 292. In fact, one of Mr. Sherman's letters recounts his doctor's conclusion that surgery would leave Mr. Sherman paralyzed. Mem. at 47.

Even if the Court assumes that Defendants' failure to provide the requested relief would be a "sufficiently serious" deprivation of his rights, Mr. Sherman must also show that he is likely to succeed in establishing that Defendants acted with "a sufficiently culpable state of mind." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).

The Second Circuit has clarified that deliberate indifference can be established by showing "culpable recklessness, i.e., an act or a failure to act . . . that evinces a conscious disregard of a substantial risk of serious harm." *Charles*, 925 F.3d at 87 (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 107 (2d Cir. 2000)). On the other hand, "mere disagreement over the proper treatment" will not support an Eighth Amendment claim as long as the treatment provided is "adequate." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). *Compare Rodriguez v. Ames*, 224 F. Supp. 2d 555, 563 (W.D.N.Y. 2002) (finding no deliberate indifference when the defendant nurse was "responsive to plaintiff's injury"), *and Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001) ("[D]isagreements over medications, diagnostic techniques . . . forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim."), *with Hemmings v. Gorczyk*, 134 F.3d 104, 106–07 (2d Cir. 1998) (per curiam) (reversing dismissal of a deliberate

indifference claim when the plaintiff alleged that he "was ignored—and no further diagnostic measures were pursued—when he told prison medical staff that he was sure he had a ruptured Achilles tendon and tissue damage" and that a defendant nurse "maliciously [took] away one of Hemmings' crutches").

Here, Mr. Sherman cannot show that Defendants recklessly disregarded his serious medical needs. The medical records and correspondence attached to the Complaint and the motion for interim injunctive relief show that Mr. Sherman has received diagnostic evaluations and treatment for his conditions. In one letter, Mr. Sherman acknowledges that "the back doctor told me there was nothing they could do [without] paralyzing me," noting that he "disagree[d] [with] this diagnosis." Mem. at 47. But as discussed above, this type of disagreement over treatment cannot support a finding of deliberate indifference. In response to a request form from Mr. Sherman, a medical staff member recommended that Mr. Sherman "try to exercise more," "use Motrin / Tylenol for pain," and "make sure that you are using your cane [at] all times." Compl. at 191; *see also* Mem. at 11 ("I understand that the medical provider that was assigned to you [has] made arrangement to continue further management of your condition."); Compl. at 187 ("You have been referred to M.D.").

This evidence shows that Defendants have not ignored Mr. Sherman's complaints, even if they have failed to give him the treatment that he seeks or the most effective treatment available. Mr. Sherman therefore has not made the clear showing of his likelihood to succeed on the merits that is required at this stage.

Accordingly, the Court will deny Mr. Sherman's request for interim injunctive relief.

### III.   CONCLUSION

Mr. Harris's motion for a temporary restraining order or a preliminary injunction is

**DENIED**.

    **SO ORDERED** at Bridgeport, Connecticut, this 10th day of November, 2022.

                                                              /s/ Victor A. Bolden
                                                              VICTOR A. BOLDEN
                                                              UNITED STATES DISTRICT JUDGE